## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOSPITAL HOUSEKEEPING SYSTEMS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-1309** |
| **JOHN CALVEY ET AL.** | **SECTION I** |

### ORDER & REASONS

Before the Court is plaintiff Hospital Housekeeping Systems, LLC's ("plaintiff") motion[1] to review the U.S. Magistrate Judge's ("magistrate judge") order[2] denying plaintiff's motion[3] for leave to file a second amended complaint. Defendants John Calvey ("Calvey") and Ochsner Clinic Foundation ("Ochsner") (collectively, "defendants") oppose[4] the motion. For the reasons that follow, the Court affirms the magistrate judge's order in part and reverses it in part.

### I.       FACTUAL BACKGROUND

Plaintiff filed its initial complaint on April 19, 2023.[5] On April 20, 2023, plaintiff filed an *ex parte* motion for leave to file an amended complaint.[6] This Court granted[7] the motion, and the amended complaint was filed into the record.[8] As amended, the complaint alleges that, on August 1, 2015, plaintiff and Ochsner

---

[1] R. Doc. No. 52.
[2] R. Doc. No. 48.
[3] R. Doc. No. 31.
[4] R. Doc. No. 54.
[5] R. Doc. No. 1.
[6] R. Doc. No. 3.
[7] R. Doc. No. 4.
[8] R. Doc. No. 5.

entered into a contract pursuant to which "[plaintiff] would provide and manage the facilitation of housekeeping services at multiple Ochsner . . . facilities."[9] The contract allegedly contained a non-solicitation provision prohibiting Ochsner and plaintiff from soliciting each other's employees "for a period beginning at the start of the [c]ontract to twelve . . . months after the termination of the [c]ontract."[10]

The first amended complaint further alleges that Calvey, the former Director of Environmental Services for plaintiff, entered an "Agreement Not to Compete" with plaintiff.[11] Pursuant to this agreement, Calvey allegedly agreed that, during his employment with plaintiff and for a period of two years after, he would not "directly or indirectly[] solicit the employees of plaintiff to leave the service of plaintiff or solicit and/or accept the business of any person or business entity for whom plaintiff rendered services at any time during the employment relationship."[12] Calvey also allegedly "agreed that he would not disclose any of the information concerning the business and affairs of [plaintiff]" and "to treat all such information as confidential."[13]

According to the first amended complaint, Ochsner informed plaintiff of its intent to terminate its contract with plaintiff effective August 1, 2021.[14] On July 31, 2021, "Calvey's employment with plaintiff ended."[15] Following Calvey's departure, plaintiff "learned that Ochsner employees/management asked plaintiff's former

---

[9] *Id.* ¶ 4.
[10] *Id.* ¶ 5.
[11] *Id.* ¶ 13.
[12] *Id.* ¶ 19.
[13] *Id.* ¶ 20.
[14] *Id.* ¶ 8.
[15] *Id.* ¶ 15.

managers to apply for positions at Ochsner."[16] Calvey allegedly began working for Ochsner in its in-house housekeeping department on August 1, 2021.[17] The first amended complaint asserts claims for breach of an employment contract, breach of a non-compete agreement, and breach of a non-solicitation agreement.[18] It also alleges that "it is highly probabl[e] that [Calvey] is disclosing plaintiff's practices, procedures, methods, and trade secrets to [Ochsner]."[19]

On October 10, 2023, defendants filed a motion[20] to strike or dismiss plaintiff's first amended complaint. On October 12, 2023, plaintiff filed an *ex parte* motion to enroll new counsel,[21] which this Court granted.[22] Plaintiff's new counsel then filed a motion[23] for leave to file a second amended complaint, as well as an *ex parte* motion[24] to continue the submission date on defendants' motion to strike or dismiss until after the submission date on plaintiff's motion for leave to amend. Based on plaintiff's argument that the magistrate judge's decision on plaintiff's motion for leave to amend might render defendants' motion to strike or dismiss moot, the Court granted plaintiff's motion to continue.[25]

---

[16] *Id.* ¶ 16.
[17] *Id.* ¶ 17.
[18] *Id.* at 1.
[19] *Id.* ¶ 23.
[20] R. Doc. No. 25.
[21] R. Doc. No. 27.
[22] R. Doc. No. 29.
[23] R. Doc. No. 31.
[24] R. Doc. No. 32.
[25] R. Doc. No. 33.

On January 4, 2024, the magistrate judge denied plaintiff's motion for leave to amend.[26] The magistrate judge held that granting plaintiff leave to file its second amended complaint would be futile because the second amended complaint fails to state a claim for breach of a non-solicitation agreement, fails to state a claim pursuant to the Louisiana Unfair Trade Practice and Consumer Protection Law ("LUTPA"), fails to state a claim pursuant to the Louisiana Uniform Trade Secrets Act ("LUTSA"), and fails to state a claim for conversion.[27]

Following the magistrate judge's ruling, the Court held a telephone conference to discuss the status of the case.[28] At the conference, plaintiff's counsel advised the Court of plaintiff's intent to appeal the magistrate judge's decision.[29] The Court set a briefing schedule for plaintiff's appeal,[30] and the parties timely filed the instant motion and response.

## II.   STANDARDS OF LAW

### a.  Review of a Magistrate Judge's Order

Rule 72 of the Federal Rules of Civil Procedure governs a district court's review of a magistrate judge's decision on a pretrial matter. Rule 72(a) requires a party who objects to a magistrate judge's ruling to "serve and file objections to the order within 14 days after being served with a copy."

---

[26] R. Doc. No. 48.
[27] *Id.* at 9–14.
[28] R. Doc. No. 50.
[29] *Id.* at 1.
[30] *Id.*

Rule 72(a) provides that a district judge reviewing an order on a non-dispositive matter may "modify or set aside any part of the order that is clearly erroneous or contrary to law." A motion for leave to amend a complaint is non-dispositive. *PYCA Indus., Inc. v. Harrison Cnty Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996); *see also Dalrymple v. U.S. Postal Serv.*, 2020 WL 1181845, at *2 (E.D. La. Mar. 12, 2020) (Vance, J.) (collecting cases). "The district court may only find the magistrate judge's ruling clearly erroneous or contrary to law when the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *McCallon v. BP Am. Prod. Co.*, No. 05-0597 c/w 05-0700, 2006 WL 3246886, at *2 (E.D. La. Nov. 8, 2006) (Fallon, J.) (quoting *Palacios Seafood, Inc. v. Piling, Inc.*, 888 F.2d 1509, 1513 (5th Cir. 1989)). Rule 72(a) further provides that "[a] party may not assign as error a defect in [a magistrate judge's non-dispositive order] not timely objected to."

### b. Leave to File an Amended Complaint

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Although Rule 15 "evinces a bias in favor of granting leave to amend," it is not automatic. *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *United States ex rel. Lin v. Mayfield*, 773 F. App'x 789, 790 (5th Cir. 2019) (quotations omitted). A decision to grant leave to amend is within the discretion of the trial court. *Mayfield*, 773 F. App'x at 790. However, a "district court must possess a 'substantial reason' to deny a request for leave to amend." *Id.* (quoting *Smith v.*

*EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). The "futility of the amendment" is one such reason. *Id.* "[A]n amended complaint is futile 'if the complaint as amended would be subject to dismissal.'" *Rohi v. Brewer (In re ABC Dentistry, P.A.)*, 978 F.3d 323, 325 (5th Cir. 2020) (quoting *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014)). Futility is evaluated "under the same standards as a dismissal under Rule 12(b)(6)." *Butler v. Denka Performance Elastomer, L.L.C.*, 16 F.4th 427, 437 (5th Cir. 2021) (citing *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016)).

## III.   ANALYSIS

Plaintiff takes issue with the magistrate judge's order on three different grounds. First, plaintiff argues that the magistrate judge "failed to liberally construe the proposed pleading in favor of plaintiff, as required by law."[31] Second, plaintiff asserts that the magistrate judge "confused the allegations of the [f]irst [a]mended [c]omplaint with those of the [s]econd [a]mended [c]omplaint" with respect to allegations pertaining to the non-compete provision of Calvey's employment agreement.[32] Third, plaintiff contends that the magistrate judge erroneously "applied the law concerning the non-solicitation of *business clients* to this case, which involves the non-solicitation of *employees*."[33] Applying Rule 72(a)'s standard, the Court considers each of these arguments in turn.

---

[31] R. Doc. No. 52-1, at 1.
[32] *Id.* at 1, 4.
[33] *Id.* at 1.

###### a.    Liberal Construction of the Pleadings

As to plaintiff's first argument, the Court concludes that the magistrate judge did not clearly err by "fail[ing] to liberally construe the proposed pleading in favor of plaintiff[.]"[34] Plaintiff broadly suggests that the proposed second amended complaint "alleged sufficient facts to put defendants on notice of plaintiff's claims[.]"[35] However, the magistrate judge correctly applied the relevant legal standard in considering whether granting leave to amend would be futile. As stated, courts may deny leave to amend where the proposed amended complaint would be futile, meaning it would be subject to dismissal pursuant to Rule 12(b)(6). *See, e.g.*, *ABC Dentistry*, 978 F.3d at 325; *Butler*, 16 F.4th at 437.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). "[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of *each element* of the plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (emphasis added) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638

---

[34] *Id.* at 1.
[35] *Id.* at 2–3.

(5th Cir. 2013) (citation and internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff does not identify any specific instances in the magistrate judge's order where the magistrate judge failed to view the complaint "in the light most favorable to the plaintiff," "accept[] as true all well-pleaded factual allegations[,]" or "draw[] all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). According to defendants, plaintiff has waived its right to challenge any issues not specifically addressed in this appeal, including the magistrate judge's rulings as to plaintiff's LUTPA, LUTSA, and conversion claims.[36] However, in order to meaningfully evaluate plaintiff's general argument regarding the standard applied by the magistrate judge, the Court must consider the magistrate judge's analysis of specific claims. Having carefully reviewed the magistrate judge's order, the Court finds that the magistrate judge correctly determined that granting plaintiff leave to amend would be futile with respect to plaintiff's LUTPA, LUTSA, and conversion claims.

### i. LUTPA

To begin, the Court finds no clear error and nothing contrary to law in the magistrate judge's futility determination as to plaintiff's proposed LUTPA claim. "LUTPA prohibits '[u]nfair methods of competition and unfair or deceptive acts or

---

[36] R. Doc. No. 54, at 2–4.

practices in the conduct of any trade or commerce.'" *Matrix HVAC, LLC v. Daikin Applied Ams., Inc.*, No. 23-1669, 2023 WL 8701330, at *2 (E.D. La. Dec. 15, 2023) (Barbier, J.) (quoting La. Rev. Stat. § 51:1405(A)). "Louisiana courts have confined unfair practices to those which offend established public policy and are immoral, unethical, oppressive, unscrupulous, or substantially injurious." *D.H. Griffin Wrecking Co., Inc. v. 1031 Canal Dev.*, LLC, 463 F. Supp. 3d 713, 722 (E.D. La. 2020) (Fallon, J.) (cleaned up). "Fraud, misrepresentation, deception, and similar conduct is prohibited, mere negligence is not." *Id.* at 722–23 (quoting *Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1422 (5th Cir. 1993)). Further, there is "a great deal of daylight between a breach of contract claim and the egregious behavior the statute proscribes." *Id.* at 723 (cleaned up).

With respect to plaintiff's LUTPA claim, the proposed amended complaint alleges that Calvey converted plaintiff's "business practices and procedures, and internal business forms" containing "proprietary and confidential information" to his own and Ochsner's use and benefit.[37] It further alleges that these business practices, procedures, and internal business forms remained in Ochsner's possession "after it had been represented to [plaintiff] that all such information and documents had been purged from Ochsner's records."[38]

Viewing these allegations in the light most favorable to plaintiff, the Court finds nothing in the magistrate judge's futility determination that amounts to clear

---

[37] R. Doc. No. 31-2, ¶ 17.
[38] *Id.* ¶ 18.

error or that is contrary to law. The magistrate judge correctly held that the proposed pleading is devoid of any allegations suggesting that defendants' actions were sufficiently egregious to constitute a violation of LUTPA, particularly considering that "cases that have been decided under LUTPA have defined 'unfair trade practices' narrowly." *Target Const., Inc. v. Baker Pile Driving & Site Work, L.L.C.*, No. 12-1820, 2012 WL 5878855, at *5 (E.D. La. Nov. 20, 2012) (Fallon, J.).

As the magistrate judge explained, the proposed pleading in the instant case does not allege that the business practices and procedures or internal business forms were "unique to [plaintiff] as opposed to any other similar business."[39] It also does not allege that Calvey breached any fiduciary duty or ethical standard through his conduct. *Cf. Turner*, 989 F.2d at 1422 (explaining that "[w]hat offends the [LUTPA] statute in [many employer-employee] cases is the breach of a special relationship of trust between the employer and employee"). At most, the complaint alleges facts suggesting that Calvey breached his contractual duty to refrain from "using or disclosing [plaintiff's] confidential information except as required during the term of his employment with [plaintiff]."[40] As stated, there is "a great deal of daylight between a breach of contract claim and the egregious behavior the [LUTPA] statute proscribes." *D.H. Griffin Wrecking Co.*, 463 F. Supp. 3d at 723. Accordingly, the Court finds no clear error and nothing contrary to law in the magistrate judge's

---

[39] R. Doc. No. 48, at 10.
[40] R. Doc. No. 31-2, ¶ 16.

determination that plaintiff's proposed second amended complaint does not state a plausible LUTPA claim.

### ii. LUTSA

The magistrate judge also did not clearly err in finding that the proposed second amended complaint fails to state a LUTSA claim. To plead a plausible LUTSA claim, a plaintiff must allege (1) the existence of a trade secret; (2) a misappropriation of the trade secret by another; and (3) the actual loss caused by the misappropriation. *Matrix HVAC,* 2023 WL 8701330, at *2 (citing *Comput. Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.,* 220 F.3d 396, 403 (5th Cir. 2000)). "To allege a trade secret, the plaintiff must describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade, and to permit the defendant to ascertain the boundaries within which the secret lies." *Id.* (quoting *Am. Biocarbon, LLC v. Keating,* No. 20-259, 2020 WL 7264459, at *4 (M.D. La. Dec. 10, 2020) (internal quotations omitted)).

The proposed second amended complaint alleges that Calvey violated LUTSA by "convert[ing] to his own [and Ochsner's] use and benefit" plaintiff's "business practices and procedures, and internal business forms, all of which Ochsner has employed in the running and management of its own housekeeping service, and which proprietary and confidential information [p]laintiff entrusted to its former managers/employees, including [] Calvey."[41] The proposed complaint also alleges that

---

[41] *Id.* ¶ 17.

plaintiff discovered its "business practices and procedures and internal business forms" were still in Ochsner's possession "after it had been represented to plaintiff that all such information and documents had been purged from Ochsner's records."[42]

Nowhere in the complaint does plaintiff "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge." *Matrix HVAC*, 2023 WL 8701330, at \*2. Rather, the complaint refers vaguely to "business practices and procedures, and internal business forms," without specifying the subject matter of the trade secret.[43] Accordingly, the magistrate judge correctly determined that granting leave to amend would be futile with respect to the LUTSA claim. The Court finds no clear error and nothing contrary to law.

### iii. Conversion

Likewise, the magistrate judge's holding regarding plaintiff's conversion claim is neither clearly erroneous nor contrary to law. To state a conversion claim pursuant to Louisiana law, a plaintiff must allege (1) acquisition of possession in an unauthorized manner; (2) removal of a chattel from one place to another with the intent to exercise control over it; (3) unauthorized transfer of possession of a chattel; (4) withholding possession from the owner; (5) alteration or destruction of the chattel; (6) improper use of the chattel; or (7) assertion of ownership over the chattel. *See Quality Env't Processes, Inc. v. IP Petroleum Co., Inc.*, 219 So. 3d 349, 369 (La. App. 1st Cir. 2017) (citing *Dual Drilling Co. v. Mills Equip. Invs., Inc.*, 72 So. 2d 853, 857

---

[42] *Id.* ¶ 18.
[43] *Id.* ¶ 17.

(La. 1998)); *First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, 178 F. Supp. 3d 390, 406 (E.D. La. 2016) (Engelhardt, J.). "One of the essential elements of a conversion claim is deprivation of possession from the owner." *Matrix HVAC*, 2023 WL 8701330, at *5 (citing *Qualey v. Paine, Webber, Jackson & Curtis, Inc.*, 475 So. 2d 756, 760 (La. 1985)).

As the magistrate judge rightly held, the proposed complaint fails to allege that plaintiff was deprived of possession of anything. Rather, plaintiff appears to claim that it still maintains possession of the purportedly confidential information, but that Ochsner also maintains possession of that information. This is insufficient to state a plausible conversion claim. *See Matrix HVAC*, 2023 WL 8701330, at *5. Accordingly, the Court finds no clear error and nothing contrary to law in the magistrate judge's order in this regard.

### b. Allegations Regarding Calvey's Non-Compete Agreement

As to plaintiff's second argument, the Court finds that plaintiff has failed to identify any "clearly erroneous action by the magistrate judge that materially affects the outcome of this litigation." *Gilbert v. Cates*, No. 17-4786, 2018 WL 4363590, at *4 (E.D. La. Sept. 13, 2018) (Milazzo, J.). According to plaintiff, the magistrate judge's conclusion that the second amended complaint restated the allegations related to the non-compete "arises only from a confusion of the allegations of the [f]irst and [s]econd [a]mended [c]omplaints."[44]

---

[44] R. Doc. No. 52-1, at 4.

It is true that, in determining that the proposed second amended complaint reincorporated allegations pertaining to an alleged non-compete agreement between Calvey and plaintiff, the magistrate judge's order cited paragraph 18 of the first amended complaint rather than the proposed pleading.[45] But this mistake hardly undermines the magistrate judge's conclusion that granting leave to amend would be futile. As the magistrate judge correctly pointed out,[46] the first paragraph of the second amended complaint confusingly provides that it "restat[es] all previously filed complaints to specifically remove all claims based on the non-compete provisions of the Agreement Not to Compete entered into by [] Calvey and [plaintiff] on May 12, 2015[.]"[47] Even accepting that the second amended complaint removes any reference to the non-compete agreement between plaintiff and Calvey despite this confusing language, plaintiff does not convincingly explain how the magistrate judge's mistake would significantly affect the analysis around futility.

Plaintiff argues only that, because one of the goals of the proposed second amended complaint was to remove the previously alleged claims against Calvey premised on the non-compete provision of his employment agreement, the magistrate judge's "mistake is significant."[48] Yet the decision to deny leave to amend was not predicated solely on the magistrate judge's understanding that the proposed amended complaint did not meet one of its stated goals. Rather, the decision was based on a

---

[45] *See* R. Doc. No. 48, at 9–10.
[46] *See id.*
[47] R. Doc. No. 31-2, ¶ 1.
[48] R. Doc. No. 52-1, at 4.

number of findings, including the magistrate judge's findings that granting leave to amend as to the LUTPA claim, LUTSA claim, and conversion claim in the proposed second amended complaint would be futile.[49] Accordingly, the Court cannot conclude on the basis of this error that the magistrate judge's decision to deny leave to amend based on futility was clearly erroneous or contrary to law.

### c. Breach of the Non-Solicitation Agreement

However, with respect to plaintiff's third argument, the Court finds that the magistrate judge clearly erred in holding that permitting the second amended complaint to be filed would be futile as to plaintiff's claim that Ochsner breached its non-solicitation agreement with plaintiff. The magistrate judge's holding was predicated on the incorrect notion that, pursuant to § 23:921(C) of the Louisiana Revised Statutes, the non-solicitation agreement between plaintiff and Ochsner would only be enforceable if it contained a geographical restriction specifying the "parish or parishes, municipality or municipalities, or parts thereof."[50]

As plaintiff notes,[51] § 23:921(C) applies to agreements requiring those "employed as an agent, servant or employee" to refrain from soliciting *customers* from their employers. La. Rev. Stat. Ann. § 23:921(C). By its terms, the statute does not appear to apply to agreements like plaintiff's agreement with Ochsner. The non-solicitation agreement was an agreement between plaintiff and Ochsner not to solicit each other's *employees*, not customers. Moreover, the agreement does not appear to

---

[49] *See generally* R. Doc. No. 48, at 9–14.

[50] *Id.* at 10–12.

[51] R. Doc. No. 52-1, at 5.

qualify as an agreement between an employer and someone "employed as an agent, servant, or employee" since there is no indication that Ochsner was employed in any of these capacities by plaintiff. *Id.* § 23:921(C).

Defendants contend that the magistrate judge's ultimate conclusion regarding the futility of the proposed amended claim for breach of the non-solicitation agreement is not clearly erroneous because it can be upheld on a different and independent basis.[52] According to defendants, "there is no allegation in the proposed amended pleading . . . that Ochsner successfully solicited Calvey—or any other HHS employee it identifies."[53] More specifically, defendants assert that the proposed second amended complaint's allegations are insufficient to state a claim for breach of the non-solicitation provision of the Ochsner contract, noting that "there is no allegation that Ochsner *actually solicited* Calvey, or that Ochsner actually hired any [of plaintiff's] employee(s) whom it also *solicited*."[54]

The Court disagrees. The proposed second amended complaint does state a claim for breach of the non-solicitation provision of the Ochsner contract. As explained, the proposed complaint alleges that plaintiff's contract with Ochsner contained a non-solicitation provision prohibiting Ochsner and plaintiff from soliciting each other's employees for twelve months after termination of the contract.[55] The proposed complaint also alleges that "Ochsner actively solicited

---

[52] R. Doc. No. 54, at 4.
[53] *Id.* at 5.
[54] *Id.* (quoting R. Doc. No. 25-1 (memorandum in support of motion to dismiss), at 8–9) (emphasis in original).
[55] R. Doc. No. 31-2, ¶ 5.

[plaintiff's] management employees for positions as Ochsner employees, and has hired at least three HHS employees, namely [] Calvey, Louisa Spears, and Edward Barnes."[56]

To state a plausible breach of contract claim pursuant to Louisiana law, plaintiff must allege that (1) a contract existed between the parties; (2) defendant breached that contract; and (3) plaintiff suffered damages as a result. *D.H. Griffin Wrecking Co.*, 463 F. Supp. 3d at 727. Defendants suggest that, in order to find that the second amendment states a breach of contract claim, the Court would need to make a "speculative leap" to infer from Calvey's employment by Ochsner and from Ochsner's alleged recruitment of unidentified managers, that "it follows that Ochsner solicited Calvey (as opposed to Calvey seeking out employment with Ochsner, which is exactly what happened)."[57] As discussed, the second amended complaint states that a contract existed between the parties which included a non-solicitation of employees agreement, that Ochsner breached that contract by soliciting plaintiff's management employees, and that plaintiff suffered damages as a result. The Court is not persuaded that any "speculative leap" is required to find that plaintiff has stated a breach of contract claim.[58] Accordingly, with respect to this claim, permitting plaintiff

---

[56] R. Doc. No. 31-2, ¶ 11.

[57] R. Doc. No. 54, at 5 (quoting R. Doc. No. 25-1, at 8–9).

[58] At this early stage, the Court expresses no view as to whether a motion for summary judgment on this question would be appropriate.

to amend its complaint would not be futile. The magistrate judge's denial of leave to amend on this basis was clearly erroneous.[59]

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the magistrate judge's order is **AFFIRMED IN PART** and **REVERSED IN PART**. Plaintiff's second amended complaint shall be filed into the record. The proposed pleading states a plausible breach-of-contract claim against Calvey based on Calvey's agreement with plaintiff to refrain from using or disclosing confidential information. It also states a plausible breach-of-contract claim against Ochsner based on the non-solicitation agreement in Ochsner's alleged contract with plaintiff. However, plaintiff's LUPTA, LUTSA, and conversion claims are **DISMISSED WITH PREJUDICE** as futile.

**IT IS FURTHER ORDERED** that defendants' motion[60] to strike or dismiss plaintiff's first amended complaint is **DISMISSED AS MOOT** in light of the analysis set forth herein.

---

[59] The Court notes defendants' request that the Court condition any grant or partial grant of leave to amend on plaintiff's payment of any attorneys' fees incurred by defendants in defending against the now-removed allegations relating to the non-compete in Calvey's contract with plaintiff. *See* R. Doc. No. 54, at 6 n.7. Defendants do not cite the authority pursuant to which they seek attorneys' fees, and the Court does not find such fees to be appropriate.

[60] R. Doc. No. 25.

New Orleans, Louisiana, January 24, 2024.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**